UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE TRAVELERS HOME AND MARINE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 4:12CV818 TIA ) |
| COLE WHITE, BECKY WHITE, and NICHOLAS BIRD, | ) ) ) |
| Defendants. | ) ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendants Becky White and Cole White's Motion to Set Aside Default Judgment (Doc. No. 25) and Joint Motion of Defendant Becky White and Defendant Cole White to Set Aside Clerk's Entry of Default and for Leave to File Answer Out of Time (Doc. No. 28). Also pending are the Motion of Defendants to Stay Proceedings (Doc. No. 26) and the Plaintiff's Motion to Strike the Answer and Motion to Stay of Defendants Becky and Cole White (Doc. No. 30). The case was assigned to the undersigned United States Magistrate Judge pursuant to E.D. Mo. L.R. 2.08.

### **Background**

This case arises out of an underlying state court suit in the Circuit Court of Jefferson County, Missouri, Case No. 10JE-CC00786, filed by Nicholas Bird against Becky and Cole White. (Complaint ¶1, ECF. No. 1) In that negligence suit, Mr. Bird alleged that on February 19, 2010, Cole White discharged a pellet gun, striking Mr. Bird in the eye and causing injury. (Id. at ¶¶ 10-12) At the time of the incident, Cole White, a minor, allegedly was under the care, custody, or control of his mother, Becky White, and a Mr. Ronnie Delaney. (Complaint Ex. 4 at ¶ 2, ECF No. 1-4)

Pursuant to a settlement agreement between Mr. Bird and the Whites, the state court entered a "Judgment Entry with Findings of Fact & Conclusions of Law," which was submitted by Mr. Bird, and awarded Mr. Bird actual damages in the amount of $1.5 million. (Complaint ¶¶ 17-23, ECF No. 1; Complaint Ex. 3, ECF No. 1-3; Complaint Ex. 4, ECF No. 1-4)

Plaintiff The Travelers Home and Marine Insurance Company ("Travelers") issued a Homeowners Policy of Insurance to Ronnie Delaney, which provided coverage for damages because of bodily injury caused by an occurrence for which an insured is liable. (Complaint ¶¶ 24-26, ECF No. 1) According to Travelers, the Policy defined "insured" as "Your relatives" or "Other persons under the age of 21 and in the care of any person named above." (Id. at ¶ 27) The Whites requested that Travelers provide liability coverage under Mr. Delaney's policy for the state court Judgment. (Id. at ¶ 32) However, Travelers denied coverage and refused to defend the Whites in the underlying suit because the Whites were not named insureds; not relatives of the named insured; and not in the care of a named insured. (Id. at ¶ 33(a)-(b)) Specifically, although Mr. Delaney and Ms. White stated that Cole White resided with them, Cole White emphatically stated in a subsequently recorded statement that on the day of the incident, he was living at Mr. Bird's house, and had not lived at Mr. Delaney's home for quite some time prior to the incident, because he had been kicked out of the house. (Claire Winston Aff., Ex. A, ECF No. 36-2) Further, Travelers denied coverage because any coverage was limited by the "Limit of Liability" provision, and the Settlement Agreement and Judgment were the product of fraud or collusion and thus unenforceable. (Complaint ¶ 33(c)-(d))

On May 8, 2012, Travelers filed a Complaint for Declaratory Judgment in federal court, seeking a declaration that there is no coverage under the policy for the state court judgment; Travelers had no duty to defend the Whites; and Travelers has not duty to indemnify or pay for the

judgment. (Complaint Prayer for Relief, ECF No. 1) Travelers served Ms. White on May 28, 2012. (ECF No. 12) Two days later, Mr. Bird filed a Petition for Equitable Garnishment in state court against the Whites and Travelers. (Travelers' Response to Motion to Set Aside Ex. 3, ECF No. 36-3) Travelers then served Cole White on June 2, 2012. (ECF No. 13) After the Whites failed to timely file an Answer, the Clerk of the Court entered a Clerk's Entry of Default against Defendant Becky White and Defendant Cole White on July 9, 2012. (ECF Nos. 22, 23)

On July 13, 2012, counsel for the Whites entered an appearance and filed a motion to set aside the default. The Whites subsequently filed an additional motion to set aside the clerk's entry of default judgment and to file an answer out of time and filed a motion to stay based on the proceedings in state court. Travelers filed responses in opposition to the Whites' various motions, including a motion to strike the answer and motion to stay, as the Court had not set aside the clerk's entry of default. The Court held a hearing on the motions to set aside on August 21, 2012.

**Discussion**

During the hearing and in their pleadings, the Whites argue that they satisfy the requirements for setting aside a default judgment. Under Rule 55(c) of the Federal Rules of Civil Procedure, "[t]he court may set aside an entry of default for good cause . . . ." To determine whether good cause exists, this Court should weigh "'whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused.'" Stephenson v. El-Batrawi, 524 F.3d 907, 912 (8th Cir. 2008) (quoting Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 784 (8th Cir.1998)).

The Whites contend that their failure to timely answer was a result of inadvertence or mistake, having confused the answer deadlines in the federal case with the deadlines in the state case. Further,

3

the Whites maintain that they contested the entry of default a mere 4 days after the Clerk of the Court entered the default, and they provided more thorough argument and authority after 10 days. Although Travelers asserts that the Whites could not possibly have been confused, the undersigned is satisfied that the Whites' conduct was not blameworthy or culpable in this instance. Indeed, "[t]here is a 'judicial preference for adjudication on the merits' . . . and it is likely that a party who promptly attacks an entry of default, rather than waiting for a grant of a default judgment, was guilty of an oversight and wishes to defend the case on the merits." Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 784 (8th Cir. 1998) (quoting Oberstar v. FDIC, 987 F.2d 494, 504 (8th Cir. 1993)).

With regard to the meritorious defense factor, the Court must examine "whether the proffered evidence 'would permit a finding for the defaulting party.'" Johnson, 140 F.3d at 785 (quoting Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 812 (4th Cir. 1988)). "'The underlying concern is . . . whether there is some possibility that the outcome . . . after a full trial will be contrary to the result achieved by the default.'" Augusta Fiberglass, 843 F.2d at 812 (quoting 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2697, p. 531 (2d ed. 1983)).

Although the parties filed numerous pages and spent the majority of time during the hearing arguing whether the Whites have a meritorious defense, the undersigned need not determine the outcome of Travelers declaratory judgment action but merely whether the proffered evidence would allow a finding for the Whites. United Fire & Cas. Co. v. Titan Contractors Serv., Inc., No. 4:10-CV-2076 CAS, 2011 WL 2416388, at *3 (E.D. Mo. June 13, 2011). Here, the Whites have presented evidence contrary to Cole White's statement that he did not reside with Ronnie Delaney and Ms. White at the time of the incident. Thus, "[t]here exists at least an even chance that the

outcome of this action, after full consideration, would be contrary to the result achieved by a default." Id. Therefore, the Court finds that the Whites satisfy the meritorious defense factor in setting aside a clerk's entry of default.

Finally, the Court finds that setting aside the default will not prejudice Travelers. Under Eighth Circuit precedent, "prejudice may not be found from delay alone or from the fact that the defaulting party will be permitted to defend on the merits." Johnson, 140 F.3d at 785 (citation omitted). Instead, "[s]etting aside a default must prejudice plaintiff in a more concrete way, such as 'loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion.'" Johnson, 140 F.3d at 785 (quoting Berthelsen v. Kane, 907 F.2d 617, 621 (6th Cir.1990)). Travelers has not alleged that setting aside the default would cause any prejudice to them. Thus, the undersigned finds that the Whites have adequately satisfied the requirements for setting aside a clerk's entry of default, and the Court will set aside the default and allow the Whites to file their answer out of time.

Also pending are the Whites' Motion to Stay Proceedings and Travelers' Motion to Strike that motion.[1] Because the Court will grant the White's Motion to Set Aside Entry of Default and allow the Whites to file an Answer, Travelers' motion is moot. With regard to the Motion to Stay,[2]

---

[1] Travelers also asks that the Whites' Answer be stricken. However, the Answer was deleted from the docket pending this Court's ruling on the motion for leave to file out of time. (ECF No. 27)

[2] The undersigned notes that the Whites have filed a Supplemental Memorandum in Support of the Motion to Stay. However, the filing of this memorandum does not comply with E.D. Mo. L.R. 4.01(C), which allows additional memoranda to be filed **only with leave of Court**. (emphasis added). The Court will grant leave to file said memorandum. However, this Court expects Plaintiffs to consult and comply with the Local Rules of the United States District Court for the Eastern District of Missouri when filing any future pleadings.

5

the Court will take that motion under advisement.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Set Aside Default Judgment (Doc. No. 25) and Motion to Set Aside Entry of Default and for Leave to File Answer Out of Time (Doc. No. 28) filed by Defendants Becky White and Cole White are **GRANTED.**

**IT IS FURTHER ORDERED** that Travelers' Motion to Strike the Answer and Motion to Stay (Doc. No. 30) is **DENIED** as **MOOT.**

/s/ Terry I. Adelman  
UNITED STATES MAGISTRATE JUDGE

Dated this 28th day of August, 2012.