UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE TRAVELERS HOME AND MARINE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:12CV818 TIA ) |
| COLE WHITE, BECKY WHITE, and NICHOLAS BIRD, | ) ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on a Motion to Stay Proceedings filed by Defendants Cole White and Becky White ("the Whites"). The case was assigned to the undersigned magistrate judge under Local Rule 2.08, and Plaintiff The Travelers Home and Marine Insurance Company ("Travelers") and the Whites have consented to the jurisdiction of this Court.

## **Background**

This case arises out of an underlying state court suit in the Circuit Court of Jefferson County, Missouri, Case No. 10JE-CC00786, filed by Nicholas Bird against Becky and Cole White. (Complaint ¶1, ECF. No. 1) In that negligence suit, Mr. Bird alleged that on February 19, 2010, Cole White discharged a pellet gun, striking Mr. Bird in the eye and causing injury. (Id. at ¶¶ 10-12) At the time of the incident, Cole White, a minor, allegedly was under the care, custody, or control of his mother, Becky White, and a Mr. Ronnie Delaney. (Complaint Ex. 4 at ¶ 2, ECF No. 1-4) Pursuant to a settlement agreement between Mr. Bird and the Whites, the state court entered a "Judgment Entry with Findings of Fact & Conclusions of Law," which was submitted by Mr. Bird, and awarded Mr. Bird actual damages in the amount of $1.5 million. (Complaint ¶¶ 17-23, ECF No.

1; Complaint Ex. 3, ECF No. 1-3; Complaint Ex. 4, ECF No. 1-4)

Plaintiff The Travelers Home and Marine Insurance Company ("Travelers") issued a Homeowners Policy of Insurance to Ronnie Delaney, which provided coverage for damages because of bodily injury caused by an occurrence for which an insured is liable. (Complaint ¶¶ 24-26, ECF No. 1) According to Travelers, the Policy defined "insured" as "Your relatives" or "Other persons under the age of 21 and in the care of any person named above." (Id. at ¶ 27) The Whites requested that Travelers provide liability coverage under Mr. Delaney's policy for the state court Judgment. (Id. at ¶ 32) However, Travelers denied coverage and refused to defend the Whites in the underlying suit because the Whites were not named insureds; not relatives of the named insured; and not in the care of a named insured. (Id. at ¶ 33(a)-(b)) Specifically, although Mr. Delaney and Ms. White stated that Cole White resided with them, Cole White emphatically stated in a subsequently recorded statement that on the day of the incident, he was living at Mr. Bird's house, and had not lived at Mr. Delaney's home for quite some time prior to the incident, because he had been kicked out of the house. (Claire Winston Aff., Ex. A, ECF No. 36-2) Further, Travelers denied coverage because any coverage was limited by the "Limit of Liability" provision, and the Settlement Agreement and Judgment were the product of fraud or collusion and thus unenforceable. (Complaint ¶ 33(c)-(d))

On May 8, 2012, Travelers filed a Complaint for Declaratory Judgment in federal court, seeking a declaration that no coverage exists under the policy for the state court judgment; Travelers had no duty to defend the Whites; and Travelers has no duty to indemnify or pay for the judgment. (Complaint Prayer for Relief, ECF No. 1) Travelers served Ms. White on May 28, 2012. (ECF No. 12) Two days later, Mr. Bird filed a Petition for Equitable Garnishment in the Circuit Court of Jefferson County, Missouri, Cause No. 12JE-CC00544, against the Whites and Travelers. (Travelers'

2

Resp. to Mot. to Set Aside Ex. 3, ECF No. 36-3)  Travelers then served Cole White on June 2, 2012.  (ECF No. 13)  On July 18, 2012, the Whites filed a Motion to Stay Proceedings, arguing that this Court should abstain from exercising jurisdiction and stay the proceedings to permit parallel proceedings to go forward in the Circuit Court of Jefferson County, Missouri.  (Mot. of Defs. to Stay Proceedings, ECF No. 26)  After review of the motion and responses thereto, the undersigned finds that these proceedings should be stayed pending the resolution of the parallel proceedings in state court.

### **Discussion**

The Declaratory Judgment Act is "'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant.'" Wilton v. Seven Falls Co., 515 U.S. 277, 287 (1995) (quoting Public Serv. Comm'n of Utah v. Wycoff Co., 344 U.S. 237, 241 (1952)).  In Wilton, "the Supreme Court held that a federal district court has much broader discretion in determining whether to exercise jurisdiction in a declaratory judgment action during the pendency of parallel state court proceedings." Scottsdale Ins. Co. v. Detco Indus., Inc., 426 F.3d 994, 996 (8th Cir. 2005) (citing Wilton, 515 U.S. at 282-90).  Where parallel state court proceedings exist, "a district court is authorized within its sound discretion to stay or dismiss an action seeking a declaratory judgment." Prop. and Cas. Ins. Co. of Hartford v. Walker, No. 4:09-CV-2011-SNLJ, 2010 WL 1936035, at *2 (E.D. Mo. May 11, 2010) (citing Wilton, 515 U.S. at 282-90).  To have discretion to abstain in a case brought under the Declaratory Judgment Act, the state court action "must present 'the same issues, not governed by federal law, between the same parties,' and the federal court must evaluate 'whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding,

3

etc." Royal Indem. Co. v. Apex Oil Co., 511 F.3d 788, 796 (8th Cir. 2008) (quoting Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 495 (1942)).

The Whites argue that the abstention doctrine applies in this case because the state and federal cases involve the same issues and the same parties, and state law, not federal, governs the dispute presented in Travelers' Complaint for Declaratory Judgment. Travelers, on the other hand, asserts that because no parallel state court action was pending at the time Travelers filed its federal declaratory judgment action, a six-factor test applies to determine whether to exercise federal jurisdiction. See Scottsdale Ins. Co. v. Detco Indus., Inc., 426 F.3d 994, 998-99 (8th Cir. 2005) (applying the Fourth Circuit's six-factor test to determine whether to exercise jurisdiction over a federal declaratory action when no parallel proceedings are pending in state court).[1] In doing so, Travelers acknowledges that the parties, insurance policy, underlying action, and issues raised in the parallel state proceedings are identical to those raised in its federal suit. The Whites respond that the test articulated in Scottsdale only applies where state and federal proceedings are not parallel. Instead, the Whites argue that where, as here, the proceedings are parallel, the Court should apply the abstention doctrine as set forth in Brillhart and Wilton, as articulated above.

First, although Travelers argues that the timing alone dictates which test the Court must use in determining whether to abstain, Travelers presents no case law in support of this proposition. Indeed, courts in this district have held that, in the context of determining jurisdiction in a Declaratory Judgment action, courts are "less compelled to strictly follow a first filed doctrine."

---

[1] The Court notes that the Scottsdale court declined to apply the Wilton/Brillhart test because Scottsdale was not a party to the state court suit, and the suits in state court did not involve substantially the same issues, not because the declaratory judgment action was filed first. Scottsdale, 426 F.3d at 997.

4

HBE Corp. v. Burrus, No. 4:09CV906HEA, 2009 WL 3517532, at *4 (E.D. Mo. Oct. 23, 2009) (citations omitted); see also Royal Indem. Co. v. Apex Oil Co., Inc., No. 4:06-CV-499 CEJ, 2006 WL 2460791, at *5 (E.D. Mo. Aug. 23, 2006) aff'd in part, vacated in part, remanded sub nom. Royal Indem. Co. v. Apex Oil Co., 511 F.3d 788 (8th Cir. 2008) ("Indeed, if a first-filed rule applied to this matter, any discussion of discretionary abstention or dismissal would have been unnecessary.").

Instead, the Court finds that it should apply the abstention doctrine in this case. Travelers has conceded that the state court proceeding presents "'the same issues, not governed by federal law, between the same parties.'" Royal Indem. Co., 511 F.3d at 796 (quoting Brillhart, 316 U.S. at 495). Both cases involve the interpretation of an insurance policy, and specifically whether coverage exists under the policy for the state court judgment; whether Travelers had a duty to defend the Whites; and whether Travelers has a duty to indemnify or pay for the judgment. The Plaintiff in the state court action requests that the court apply the proceeds of the insurance policy to the partially satisfy the judgment. (Mot. of Defs. to Stay Proceedings Ex. C ¶¶ 27-30, ECF No. 26-3) In addition, all necessary parties have been joined in the state court action, and the state court can satisfactorily adjudicate the claims of the parties in interest. See Royal Indem. Co., 511 F.3d at 796 (finding that all necessary parties were joined in the Illinois suit and that the Illinois state court could adjudicate the claims).

The Court additionally finds that a stay of proceedings is appropriate. "As courts have noted, 'where the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case . . . fails to resolve the matter in controversy.'" Royal Indem. Co., 511 F.3d at 797 (quoting Wilton, 515 U.S. at 288 n. 2).

5

Accordingly,

**IT IS HEREBY ORDERED** that the Motion of Defendants to Stay Proceedings (Doc. No. 26) is **GRANTED** and the proceedings in this federal Declaratory Judgment action are stayed pending the resolution of Cause No. 12JE-CC00544 in the Circuit Court of Jefferson County, Missouri.

    /s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this  23rd  day of October, 2012.